IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 17-mj-01101-CBS

UNITED STATES OF AMERICA

    Plaintiff,

v.

JOHN KELSEY GAMMELL

    Defendant.

---

ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on June 5, 2017. Present were the following: Julia Martinez, Assistant United States Attorney, Robert Pepin, counsel for the defendant, and the defendant. The Court carefully considered the Pretrial Services Report and the arguments of counsel.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 5th day of June, 2017.

                                                            By the Court:

                                                            s/Craig B. Shaffer
                                                            Craig B. Shaffer
                                                            United States Magistrate Judge

United States v. John Kelsey Gammell
Case Number 17-mj-01101-CBS

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

Rule 5(c)(3) of the Federal Rules of Criminal Procedure provides that if an initial appearance occurs in a district other than where the offense was allegedly committed, a magistrate judge in the arresting jurisdiction must conduct a preliminary hearing if required by Fed. R. Crim. P. 5.1. The defendant must be transferred to the district where the offense was allegedly committed if, *inter alia,*, the magistrate judge finds that the defendant is the same person named in the indictment, information or warrant issued in the district where the offense was allegedly committed. Rule 5(d)(3) further states that the magistrate judge must detain or release the defendant "as provided by statute or by these rules." *See also United States v. Montalvo-Murillo*, 876 F.2d 826 (10th Cir. 1989) (holding that nothing in 18 U.S.C. § 3142 provides for a waiver of the time requirements for a detention hearing; the statute also does not authorize a continuance by a judicial officer), *overruled on other grounds*, 493 U.S. 807 (1990).

The defendant appeared before this court on an Arrest Warrant and Criminal Complaint filed in the United States District Court for the District of Minnesota. At a hearing on June 5, 2017, the defendant knowingly and voluntarily waived his right to an identity hearing in the District of Colorado. Based upon that voluntary waiver, this court issued an Order of Commitment directing the defendant's transfer to the District of Minnesota for further proceedings.

On June 5, 2017, government counsel moved for detention. That request was opposed by the defendant and his counsel.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including –

>> (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>> (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and the entire court file. I have also considered the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with a single violation of 18 U.S.C. § 1030(a)(5)(A) [intentional damage to a protected computer]. Although this matter originally came forward on a Criminal Complaint filed in the District of Minnesota, during the hearing on June 5, 2017, the court was presented with an Indictment filed against the defendant in the District of Minnesota asserting the same statutory violation. Therefore, it appears the grand jury for the District of Minnesota has found probable cause to believe the charged offense was committed by the defendant.

Second, I note the defendant's history and personal characteristics. Pretrial Services reports the defendant has been living in Colorado for only the past three months, and has been residing at a local motel. The defendant's father lives in New Mexico and the defendant's siblings live in Minnesota. The defendant does not appear to have a well-established history with a single employer. Although the defendant claims to have been self-employed for the past ten years, that status does not appear to be centered at any particular location. The court has not been provided with any information that would suggest the defendant has the ability to the return to the employer he has had for the past three months. Pretrial Services has received information that the defendant has, in the past, been diagnosed with bi-polar disorder, anti-social personality disorder, and manic depression.

Third, the defendant's criminal record reveals felony convictions in 1980 (aggravated burglary), 1981 (aggravated robbery), 1984 (burglary), 1986 (unlawful possession of a controlled substance with intent to sell), 1988 (felon in possession of a firearm), and 1992 (felon in possession of a firearm). Pretrial Services reports the defendant has, in the past, used at least one alias name.

Finally, the court notes the circumstances of the offense as described by government counsel. The government represents that the defendant allegedly engaged in a concerted and

extended course of conduct to damage computers through the use of the internet. Government counsel further alleges that the defendant took deliberate steps to conceal his activities. Government counsel further advised the court that the defendant had taken several steps to obtain firearms and firearm parts, notwithstanding his criminal history and prior convictions for possession of a firearm as a felon.

After considering all of these factors, I find, by clear and convincing evidence, that no condition or combination of conditions for release will reasonably assure the safety of the community. This finding is based upon the defendant's criminal history, his past convictions for firearms violations, and his concerted efforts to damage computers anonymously through the use of the internet. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance for further proceedings in the District of Minnesota. In particular, I note the defendant's lack of substantial ties to the District of Colorado, his lack of an established employment history, his reported mental health history, and his past use of false identifying information. In ordering the defendant's detention, this court acknowledges that it has not been provided with information that would demonstrate the nature or quality of the defendant's ties to the District of Minnesota. The defendant has been advised that he has the right under the Bail Reform to ask the District of Minnesota to reconsider the issue of detention in the event the defendant comes forward with additional information that was not known at the time of the detention hearing in the District of Colorado.